Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8427 | **DATE** | 10/18/2004 |
| **CASE TITLE** | Alejandro Rueda (B-78955) vs. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, petitioner's petition for writ of habeas corpus is denied. All pending dates and motions are hereby stricken as moot. Terminating case. Enter memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 19 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel ALEJANDRO RUEDA, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 03 C 8427 |
| KENNETH BRILEY, Warden, Lawrence Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

DOCKETED
OCT 19 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Alejandro Rueda's ("Petitioner") petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. For the reasons stated below, we deny Petitioner's petition for writ of *habeas corpus*.

## BACKGROUND

Following a bench trial, Petitioner was convicted of first degree murder of Rico Martinez and sentenced to 50 years imprisonment in the Circuit Court of Cook County, Illinois ("trial court"). The Assistant Public Defender of Cook County ("public defender"), who represented Petitioner on appeal, filed a motion for leave to

1



withdraw as appellate counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). In support of his motion to withdraw, the public defender filed a brief which stated "that the record contains no issue which would support an appeal." Resp't Ex. A at 6. Petitioner responded to the public defender's motion by presenting arguments in support of his appeal. The Appellate Court of Illinois reviewed Petitioner's response to the public defender's motion, found there were "no issues of arguable merit", and allowed the public defender to withdraw as counsel. Resp't Ex. C at 4. In addition, the Appellate Court of Illinois affirmed the judgment of the trial court. *Id.* Petitioner then filed a petition for leave to appeal to the Supreme Court of Illinois, which was subsequently denied on February 2, 2000.

Subsequently, Petitioner filed a petition for post-conviction relief in the trial court. The trial court denied Petitioner's petition for post-conviction relief without an evidentiary hearing and Petitioner appealed. The Appellate Court of Illinois affirmed the judgment of the trial court. Petitioner then filed a petition for rehearing in the Appellate Court of Illinois, which was denied and Petitioner filed a petition for leave to appeal to the Supreme Court of Illinois. On April 2, 2003, the Supreme Court of Illinois denied Petitioner's petition for leave to appeal. On November 21, 2003, Petitioner filed a petition for writ of *habeas corpus* with this court.

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in

custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254(d):

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## I. Ineffective assistance of trial counsel

In his petition for writ of *habeas corpus*, Petitioner claims that his trial counsel was ineffective for not asserting the defense of voluntary intoxication at trial. Pet. at 5. However, Petitioner did not present this claim in his petition for leave to appeal to the Supreme Court of Illinois on direct appeal or in his petition for post-conviction relief. Resp.'t's Ex. D, L.

### A. Procedural Default

Before a petitioner can present a claim in a petition for writ of *habeas corpus*, a petitioner must first have presented that claim in "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838,

845 (1999). Under Illinois' two-tiered appellate review process, a petitioner has a right to have his claims on appeal initially heard by the Appellate Court of Illinois. *Id.* at 843(noting that death penalty claims are heard directly by the Supreme Court of Illinois). After a petitioner's claims have been decided in the Appellate Court of Illinois, a petitioner may file a petition for leave to appeal to the Supreme Court of Illinois. *Id.* Failure by a petitioner to present a claim in a petition for leave to appeal to the Supreme Court of Illinois will result in a procedural default of that claim if it is later raised in a petitioner's petition for writ of *habeas corpus*. *Rittenhouse v. Battles*, 263 F.3d 689, 697 (7th Cir. 2001); *see also White v. Godinez*, 192 F.2d 607, 608 (7th Cir. 1999)(explaining that the procedural default rule announced in *Boerckel* that addressed a petitioner's failure to pursue a claim on direct appeal, "applies with equal force" in cases where a petitioner fails to pursue a claim in a post-conviction petition on collateral review.) However, a federal court can review procedurally defaulted claims if a petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice. . . .'" *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

In his petition for leave to appeal to the Supreme Court of Illinois, on both direct appeal and in his petition for post-conviction relief, Petitioner failed to present the claim that his trial counsel was ineffective for not asserting the defense of

4

voluntary intoxication at trial. Resp.'t's . Ex. D, L. Because Petitioner failed to present this claim of ineffective assistance of trial counsel in a petition for leave to appeal to the Supreme Court of Illinois, this claim is now procedurally defaulted in Petitioner's petition for writ of *habeas corpus*. *Rittenhouse,* 263 F.3d at 697.

Petitioner appears to argue that the cause of his failure to present this ineffective assistance of trial counsel claim in a petition for leave to appeal to the Supreme Court of Illinois was because his appellate counsel was ineffective. Pet. at 5. The Seventh Circuit has articulated that a "claim of ineffective assistance must be raised in state court before it can suffice on federal habeas relief as 'cause' to excuse the default of another claim (even if that other claim is also ineffective assistance of counsel)." *See Dellinger v. Bowen,* 301 F.3d 758, 766-67 (7th Cir. 2002)(*citing Edwards v. Carpenter,* 529 U.S. 446, 452-54 (2000)). "If the second claim of ineffective assistance of counsel is itself defaulted, the petitioner will be fully defaulted." *Id.* As we will discuss below, Petitioner has procedurally defaulted his claim for ineffective assistance of appellate counsel. Consequently, Petitioner's claim of ineffective assistance of appellate counsel cannot suffice as "cause" to excuse the default of his ineffective assistance of trial counsel claim. *Dellinger,* 301 F.3d at 766-77. Accordingly, we find that Petitioner has not shown cause for his failure to raise this claim of ineffective assistance of trial counsel at the appropriate time. Furthermore, there is no indication that refusal by this court to review this claim would result in a fundamental miscarriage of justice, given the evidence

against Petitioner. *Scillia*, 193 F.3d at 917. Therefore, we find that Petitioner's claim of ineffective assistance of trial counsel in his petition for writ of *habeas corpus* is procedurally defaulted. Since neither exception to procedural default is applicable, procedural default bars *habeas* review on this claim.

## II. Ineffective assistance of appellate counsel

In his petition for writ of *habeas corpus*, Petitioner claims that his "[a]ppellate counsel's failure to raise trial counsel's deficiency for not presenting a theory based on intoxication and lack of a culpable criminal mental state prejudiced [him] on direct appeal." Pet. at 5. However, Petitioner did not present this claim in a petition for leave to appeal to the Supreme Court of Illinois on direct appeal or in a petition for post-conviction relief. Resp.'t's Ex. D, L.

### A. Procedural Default

In his petition for leave to appeal to the Supreme Court of Illinois, on both direct appeal and in his petition for post-conviction relief, Petitioner failed to present this claim that his appellate counsel was ineffective for "not presenting a theory based on intoxication and lack of a culpable criminal mental state." Resp.'t's . Ex.'s D, L. Because Petitioner failed to present this claim of ineffective assistance of appellate counsel in a petition for leave to appeal to the Supreme Court of Illinois, this claim is now procedurally defaulted in Petitioner's petition for writ of *habeas corpus*. *Rittenhouse*, 263 F.3d at 697. Additionally, we find that Petitioner has not

shown cause for his failure to raise this claim of ineffective assistance of appellate counsel claim at the appropriate time. Furthermore, there is no indication that refusal by this court to review this claim would result in a fundamental miscarriage of justice, given the evidence against Petitioner. *Scillia*, 193 F.3d at 917. Therefore, we find that Petitioner's claim of ineffective assistance of appellate counsel in his petition for writ of *habeas corpus* is procedurally defaulted. Since neither exception to procedural default is applicable, procedural default bars *habeas* review on this claim.

## CONCLUSION

Based on the foregoing analysis, we deny Petitioner's petition for writ of *habeas corpus*.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 18, 2004